IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Demetrius J. Lewis, | : | Case No. 05:13 CV 340 |
|     Petitioner, | : | |
| | : | |
| vs. | : | |
| | : | |
| Bennie Kelly, Warden, | : | **MAGISTRATE'S REPORT AND** |
|     Respondent. | : | **RECOMMENDATION** |

I. INTRODUCTION

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES. Pending are Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, filed February 15, 2013 (Docket No. 1), and Respondent's Motion to Dismiss, filed June 27, 2013 (Docket No. 7). Given the filing date of the petition, the provisions of the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) apply. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). For the reasons set forth below, the Magistrate recommends that Defendant's Motion to Dismiss be granted.

1

## II. PROCEDURAL BACKGROUND

### A. INDICTMENT

Petitioner Demetrius J. Lewis ("Petitioner") was indicted by a Summit County Grand Jury on March 11, 1999, on fourteen counts of aggravated robbery and forty-five counts of kidnapping (Docket No. 7, Attachment 1, pp. 1-30 of 214). Each count was accompanied by a firearm specification (Docket No. 7, Attachment 1, pp. 1-30 of 214). Petitioner entered a plea of not guilty to all charges on April 13, 1999 (Docket No. 7, Attachment 1, p. 31 of 214).

Four months later, on August 13, 1999, Petitioner withdrew his not guilty pleas and entered pleas of guilty to five counts of aggravated robbery (Docket No. 7, Attachment 1, p. 32 of 214).[1] The firearm specifications as to these five counts were dismissed, as were the remaining fifty-four counts and their corresponding firearm specifications (Docket No. 7, Attachment 1, p. 32 of 214). Petitioner was subsequently sentenced to five four-year terms of incarceration for each count, to run consecutively (Docket No. 7, Attachment 2). Petitioner was also ordered to serve a term of post-release control as determined by the parole board (Docket No. 7, Attachment 1, p. 33 of 214). Petitioner did not immediately appeal his sentence.

Nearly ten years later, on May 21, 2009, Petitioner, *pro se*, filed a Motion to Withdraw his guilty plea, alleging that neither the prosecutor nor the trial court informed him of the imposition of a mandatory five-year term of post-release control following his prison sentence, in violation of CRIM. R. 11(c) and R.C. § 2943.032 (Docket No. 7, Attachment 1, pp. 34-40 of 214). In its Opposition, the State argued that but for the plea agreement, Petitioner faced up to sixty-five years in prison (Docket No. 7, Attachment 1, pp. 56-58 of 214). It was therefore

---

[1] Specifically, Petitioner pled guilty to counts ten, twenty-nine, thirty-four, forty-four, and fifty-three of the Indictment (Docket No. 7, Attachment 1, p. 32 of 214).

incredible to think that he would have opted against a plea over five years of post-release control (Docket No. 7, Attachment 1, pp. 56-58 of 214). Petitioner subsequently filed a Motion for Hearing on the matter, to which the trial court agreed (Docket No. 7, Attachment 1, pp. 59-62 of 214).

On August 31, 2009, following this evidentiary hearing, the trial court denied Petitioner's Motion to Withdraw, stating Petitioner "faced a significantly longer period of imprisonment had he taken his case to trial and been found guilty. [He] didn't think he could prevail at trial so he accepted the State's plea bargain and an agreed sentence of twenty years imprisonment" (Docket No. 7, Attachment 1, p. 69 of 214). The Court also ordered re-sentencing. Several weeks later, on September 21, 2009, Petitioner was re-sentenced to five four-year terms of imprisonment, to be served consecutively, and a mandatory five-year period of post-release control on each count, to be served concurrently (Docket No. 7, Attachment 1, p. 73 of 214; Docket No. 7, Attachment 4). Petitioner received credit for time served (Docket No. 7, Attachment 1, p. 74 of 214).

**B.    THE DIRECT APPEAL**

On November 4, 2009, Petitioner, through appellate counsel, filed an appeal of his September 2009 re-sentencing to the Ninth District Court of Appeals, Summit County, Ohio (Docket No. 7, Attachment 1, pp. 72-74 of 214). On January 19, 2010, Petitioner presented six assignments of error/issues to the Court of Appeals:

1. The trial court committed reversible error by not disposing of all counts in the indictment.

2. The trial court committed reversible error by failing to conduct a *de novo* sentencing.

3. The trial court committed reversible and plain error by re-sentencing Petitioner as it lacked jurisdiction to sentence or re-sentence Petitioner due to an unreasonable delay in sentencing.

3

    4.      The trial court committed reversible and plain error by re-sentencing Petitioner as he had already served the term previously imposed on some of the offenses.

    5.      The trial court committed reversible and plain error by denying Petitioner's Motion to Withdraw his guilty plea.

    6.      Petitioner was denied his constitutional right to effective assistance of counsel.

(Docket No. 7, Attachment 1, pp. 75-93 of 214). The State filed its Opposition on March 1, 2010 (Docket No. 7, Attachment 1, pp. 131-51 of 214).

On April 27, 2011, the Court of Appeals affirmed the judgment of the trial court, but held that Petitioner should only have been re-sentenced on the period of post-release control (Docket No. 7, Attachment 1, p. 161 of 214). Therefore, the Appellate Court reinstated Petitioner's original sentence and affirmed the September 2009 imposition of five years of post-release control (Docket No. 7, Attachment 1, p. 161 of 214).

On May 2, 2011, Petitioner, via counsel, filed an Application for Reconsideration on direct appeal assignments of error five and six, which the Appellate Court found to be untimely filed, given the state of the law in August 1999 (Docket No. 7, Attachment 1, pp. 167-92 of 214). On June 13, 2011, the Court of Appeals denied Petitioner's Application (Docket No. 7, Attachment 1, pp. 181-82 of 214).

On July 18, 2011, Petitioner filed, *pro se*, a Notice of Appeal with the Ohio Supreme Court asserting the following two assignments of error/issues:

    1.      The trial court committed reversible error and plain error by denying Petitioner's Motion to Withdraw his guilty plea.

    2.      Petitioner was denied his constitutional right to effective assistance of counsel.

      3.      The Appellate Court violated Petitioner's constitutional rights to due process for divesting jurisdiction to hear the merits of his appeal.

(Docket No. 7, Attachment 1, pp. 183-201 of 214). The State waived its response (Docket No. 7, Attachment 1, p. 213 of 214). On November 2, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the case (Docket No. 7, Attachment 1, p. 214 of 214).

### C. PETITION FOR WRIT OF HABEAS CORPUS

Petitioner filed a Petition under 28 U.S.C. § 2254(d) for Writ of Habeas Corpus on February 15, 2013, which is now before this Court, alleging the following assignments of error/issues:

      1.      The trial court committed reversible and plain error by denying Petitioner's motion to withdraw his guilty plea, violating his Fourteenth Amendment rights afforded by the United States Constitution.

      2.      Petitioner was denied his constitutional right to effective assistance of counsel, violating his Sixth Amendment rights afforded by the United States Constitution.

(Docket No. 1). The State opposes the Petition and urges this Court to grant its Motion to Dismiss (Docket No. 7).

### III. TIMELINESS ANALYSIS

### A. TIMELINESS

#### 1. STANDARD

Under the AEDPA, persons in custody have one year during which to file a petition for habeas corpus. 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The statute further states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

  The United States Supreme Court has held that "direct review" generally includes the ninety-day period a defendant has to seek certiorari from the Supreme Court. *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989). The same, however, is *not* true for post-conviction actions. In its 2007 decision *Lawrence v. Florida*, 549 U.S. 327 (2007), the Supreme Court held that a state action remains pending under 28 U.S.C. § 2244(d)(2) only so long as it is awaiting review or appeal in the *state* courts. 549 U.S. at 334.

  **2. APPLICATION**

  Petitioner's updated sentence, modified to include the mandatory term of post-release control, was issued on September 21, 2009 (Docket No. 7, Attachment 1, p. 73 of 214). He appealed his re-sentencing beginning with his November 4, 2009, direct appeal to the Appellate Court (Docket No. 7, Attachment 1, pp. 72-74 of 214) and ending on February 1, 2012, ninety days after the Ohio Supreme Court denied leave to appeal and dismissed Petitioner's case (Docket No. 7, Attachment 1, p. 214 of 214). Petitioner's time to file a writ of habeas corpus under AEDPA therefore began to run on February 2, 2012, and expired one year later on February 1, 2013. Petitioner certified that he placed his Petition in the prison mailing system on

February 10, 2013, nine days after the one-year statute of limitations expired (Docket No. 1). Therefore, Petitioner's application is untimely and is therefore subject to dismissal.

Given his failure to provide any justification for, or to employ any means to overcome the timeliness issue, it is unlikely that Petitioner was aware of his fatal error. For purposes of thorough review, this Magistrate will examine the two means available to Petitioner to overcome the timeliness obstacle: equitable tolling and actual innocence.

### a. EQUITABLE TOLLING

Respondent argues that Petitioner is not eligible for equitable tolling given his failure to establish the requisite elements for relief. This Magistrate agrees.

The one-year limitations provision set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). To be entitled to such tolling, a petitioner "must show '(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. 327 at 336 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner pled guilty to, and was originally sentenced to five four-year terms of incarceration, to be served consecutively, on August 13, 1999 (Docket No. 7, Attachment 2). Petitioner never appealed this sentence. In fact, it was not until nearly ten years later that Petitioner challenged his guilty plea for failure to include the mandatory five-year term of post-release control (Docket No. 7, Attachment 1, pp. 34-40 of 214). Petitioner does not allege, nor does the evidence of record suggest, any reason for this delay. Likewise, Petitioner does not claim, nor does the evidence show, that any "extraordinary circumstance" prevented him from

timely filing his habeas petition. Even if Petitioner did not know of his untimeliness at the time of his filing, he certainly became aware of it after Respondent's Motion to Dismiss, which sets forth the case in detail, to which Petitioner offers no reply. Therefore, Petitioner's Petition is not entitled to equitable tolling and the Magistrate recommends it be dismissed.

### b. ACTUAL INNOCENCE

Nor does Petitioner maintain a claim of actual innocence. In a recent United States Supreme Court decision, *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013), the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." 133 S.Ct. at 1928. The Court cautioned that successful actual innocence claims are rare, noting that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The timing of the petition is one factor to be considered in an actual innocence analysis. *McQuiggin*, 133 S.Ct. at 1928 (*citing Schlup*, 513 U.S. at 332).

Here, Petitioner makes no claim of actual innocence (Docket No. 1). Even if he did, given his guilty plea, any such claim would likely be unsuccessful. Therefore, Petitioner cannot overcome his untimely Petition on the grounds of actual innocence and the Magistrate recommends his Petition be dismissed.

## IV. CONCLUSION

For these reasons, the Magistrate recommends the Court grant Respondent's Motion to Dismiss and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong<br>United States Magistrate Judge

Date:	November 4, 2013

## VII. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.